John Petacchi v. Commissioner.
Petacchi v. Commissioner
Docket No. 1906-64.
United States Tax Court
T.C. Memo 1965-227; 1965 Tax Ct. Memo LEXIS 105; 24 T.C.M. (CCH) 1154; T.C.M. (RIA) 65227; August 20, 1965
*105 John Petacchi, pro se, 110 Orient St., Yonkers, N. Y. John B. Murray, Jr., for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined a deficiency in petitioner's income tax for the year 1960 in the amount of $778.47 and an addition thereto under section 6653(a) of the Internal Revenue Code of 1954 in the amount of $45.36. The primary issue is whether petitioner's receipt of a check in the amount of $3,235.43 in January 1960 represented additional unreported income taxable as long-term capital gain. The second issue is whether petitioner is liable for the 5 percent negligence penalty because of his failure to maintain any business books and records during the taxable year 1960. Some of the facts have been stipulated and are so found. Petitioner filed his individual 1960 Federal income tax return with the district director, Manhattan District, New York. In about 1954 petitioner and Frank Romano, as equal partners, purchased and thereafter operated an establishment known as Dan's Bar located in the Bronx. This bar was operated on rented premises under a lease for a relatively short *106 term of years. Petitioner thought there was less than $1,000 worth of inventory at Dan's Bar at the time of the purchase but he had no records of any kind concerning the purchase and he was either unable or unwilling to state how much he and Romano had paid for Dan's Bar other than inferentially from his testimony, "possibly I made five hundred dollars profit on the sale of the bar, my half of it; [in 1960]." Petitioner and Romano agreed to sell Dan's Bar to John Knox in January 1960 for $17,000. At the same time petitioner was negotiating for the purchase of the Garth Inn and Restaurant, Inc., in Scarsdale, New York; consequently, he asked Knox to pay him a part of his half of the purchase price of Dan's Bar on January 28, 1960, and Knox did so, giving petitioner a check for $3,235.43 on that date. Later, and probably in February 1960, Knox paid petitioner the balance of the $8,500 due him on the sale of his half of Dan's Bar. Petitioner states that he has maintained records relative to the Garth Inn and Restaurant, Inc., but that he has no records prior to his acquisition of that establishment. Petitioner included no reference to the operation or sale of Dan's Bar on his *107 1960 Federal income tax return. Respondent ignored petitioner's receipts from the sale of Dan's Bar over and above the $3,235.43 which petitioner received on January 28, 1960, but determined that such latter amount was ordinary income to petitioner and assessed the 5 percent penalty under the provisions of section 6653(a) of the Internal Revenue Code of 1954. At the trial and on brief respondent has conceded that the $3,235.43 should be taxed as long-term capital gain received from the sale of petitioner's interest in a business instead of as ordinary income. In this case the respondent's action of limiting his determination to the $3,235.43 received by petitioner on January 28, 1960, has effectively conceded a tax base of $5,264.57 to petitioner for his half interest in Dan's Bar. In view of petitioner's utter failure of proof of any tax base for such half interest, we consider respondent's action to be extremely generous and we sustain it. Petitioner's failure to keep any records was extremely negligent and since this negligence resulted in an underpayment respondent's addition to tax determined under section 6653(a), supra, must be sustained. Barry Meneguzzo, 43 T.C. 824 (1965). *108 Decision will be entered under Rule 50.